UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01447-TWP-MJD |
| | ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY SUSTAINING OBJECTION TO THE MAGISTRATE'S
REPORT AND RECOMMENDATION AND ORDER FOR REMAND**

Plaintiff Melissa York ("York"), appeals the Administrative Law Judge's decision denying her applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C § 636, the Court referred the matter to the Magistrate Judge (Filing No. 25), who submitted his Report and Recommendation on December 13, 2016, recommending that the decision of the Commissioner be affirmed (Filing No. 26). York timely filed her Objections to the Magistrate Judge's Report and Recommendation (Filing No. 27). For the reasons set forth below, the Court **SUSTAINS** York's objections and **REMANDS** the decision of the Commissioner for further consideration.

I.   **BACKGROUND**

An extensive elaboration of the procedural and factual background of this matter is unnecessary, as the parties and the Magistrate Judge have sufficiently detailed the background of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Commissioner Carolyn W. Colvin as the defendant in this suit.

this matter in their briefs (Filing No. 20, Filing No. 21 and Filing No. 24), and in the Report and Recommendation (Filing No. 26). The Court mentions only some of the facts here.

York filed her application for SSI on July 16, 2013, and for DIB on October 10, 2014, alleging December 1, 2012, as her disability onset date. In her DIB application, York listed the following impairments: severe knee osteoarthritis, degenerative disc disease, neck pain, phlebitis and thrombophlebitis of superficial vessels of extra-varicose veins, osteoarthritis of the knee, bilateral carpal tunnel syndrome, dysphagia, obstructive sleep apnea, palpitations, left shoulder pain, edema, seasonal allergic rhinitis, and right cervical lymphadenopathy (Filing No. 14 at 159).

York's application for SSI was denied initially on October 3, 2013, and again on reconsideration on December 31, 2013. She timely requested a hearing on her SSI application, which was held before Administrative Law Judge Daniel J. Mages ("ALJ") on October 8, 2014. At the hearing, York requested that the record be left open so that she could file an application for DIB, which she did on October 10, 2014. Her application for DIB was escalated to the hearing level to be decided at the same time as her SSI application. The ALJ issued his a decision on November 13, 2014, denying York's applications, having determined that she was not disabled. York sought review of the ALJ's decision by the Appeals Council. On April 27, 2015, the Appeals Council denied York's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

York timely filed a Complaint on September 15, 2015, seeking judicial review of the Commissioner's decision. On October 3, 2016, this Court issued an order referring the matter to the Magistrate Judge for a report and recommendation. The Magistrate Judge filed his Report and Recommendation adopting the decision of the ALJ and Commissioner on December 13, 2016.

2

Thereafter, on December 27, 2016, York filed her Objections to the Report and Recommendation, raising again all arguments that she asserted in her original brief seeking reversal and remand.

York has suffered with osteoarthritis in her knee, a torn left rotator cuff, carpal tunnel syndrome, degenerative disc disease in her spine, gastroesophageal reflux disease (GERD), a hiatal hernia, obesity, asthma, allergies, hypertension, depression, and anxiety.  She has received various treatments for her conditions, including counseling, therapy, physical therapy, medication, and surgeries, including bariatric surgery.  York's various treatments have had varying degrees of effectiveness.  Some treatments have provided only short-term relief from pain.  Other treatments have not been effective.  Some treatments led to more significant treatment, such as right knee arthroscopic surgery after more conservative approaches were ineffective.  York's mental health treatment for depression and anxiety seemed to be effective at times and not helpful at other times.

York's activities of daily living and her ability to work have been affected by her various physical and mental health conditions.  Thus, York applied for SSI and DIB.

## II.    LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).  The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).  However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).  To be affirmed, the ALJ must

articulate his analysis of the evidence in his decision, and while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III. DISCUSSION

In her Objections to the Report and Recommendation ("R&R"), York essentially repeats her same arguments asserted to this Court in her Brief in Support of Complaint. She argues that the R&R and the ALJ's decision do not adequately consider her physical and mental impairments when evaluating medical equivalence at Step 3 of the disability determination process. York also argues that there is not substantial evidence to support the ALJ's residual functional capacity ("RFC") determination. Further, she asserts that the ALJ's credibility determination was flawed because it was based almost entirely on objective evidence, and the ALJ improperly gave the opinion of her treating "physicians" little weight. York additionally argues that the R&R took too

4

narrow a view of the issues presented to the Court for review. The Commissioner responds that the ALJ's decision was supported by substantial evidence at each step of the sequential evaluation process and that the ALJ sufficiently explained the bases for each decision.

In his decision, the ALJ first determined that York met the insured status requirements of the Act through December 31, 2012, and had not engaged in substantial gainful activity since December 1, 2012, the alleged disability onset date (Filing No. 14 at 31). Then the ALJ found that York suffered from the following severe impairments: "osteoarthritis of the right knee; a torn left rotator cuff; carpal tunnel syndrome; degenerative disc disease; gastroesophageal reflux disease (GERD); a hiatal hernia; obesity status post bariatric surgery; depression; and anxiety." *Id.* at 31–32. The ALJ also found that York suffered from medically determinable impairments of asthma and hypertension, but these two impairments were not severe. *Id.* at 32. At Step 3 of the sequential evaluation process, the ALJ stated that York did not have an impairment or combination of impairments that meets or medically equals one of the Listings of Impairments. *Id.* at 32–34.

Before proceeding to Step 4, the ALJ determined that York had an RFC "to perform a range of sedentary work" with the following limitations:

> sitting up to sixty minutes at one time and six hours during an eight-hour workday; standing and walking up to thirty minutes at one time and two hours during an eight-hour workday, with the use of a cane for walking; lifting, carrying, pushing and pulling ten pounds occasionally and five pounds frequently; occasionally climbing ramps and stairs, balancing, stooping and crouching; no kneeling or crawling; no climbing ladders, ropes or scaffolds; no work around dangerous moving machinery or at unprotected heights; frequent fingering and handling bilaterally; no overhead work with the left upper extremity; no vibrating tools; and no more than superficial interaction with the public, coworkers or supervisors.

(Filing No. 14 at 34). At Step 4, the ALJ found that York was unable to perform her past relevant work as a department supervisor, customer service representative, and transport driver. However, at Step 5, the ALJ determined that York could perform several jobs that existed in significant

5

numbers in the national economy, including information clerk, assembler, and hand packager. *Id.* at 41–42. Thus, the ALJ concluded, York was not disabled.

In determining that this matter must be remanded to the ALJ for further consideration, the Court notes that the ALJ acknowledged in his written decision that, when making the RFC determination, an ALJ must consider all the impairments of the claimant, including both severe and non-severe impairments (Filing No. 14 at 30–31). In acknowledging this requirement, the ALJ cited 20 CFR 404.1520(e), 404.1545, 416.920(e), 416.945, and SSR 96-8p.

In his written decision, the ALJ found that York suffered from osteoarthritis of the right knee, a torn left rotator cuff, carpal tunnel syndrome, degenerative disc disease, gastroesophageal reflux disease (GERD), a hiatal hernia, obesity status post bariatric surgery, depression, and anxiety. He determined that each of these impairments was severe. The ALJ also found that York suffered from medically determinable impairments of asthma and hypertension and determined that these two impairments were not severe (Filing No. 14 at 31–32). In finding that York suffered from non-severe impairments of asthma and hypertension, the ALJ was required to consider these impairments when making his RFC determination before proceeding to Step 4 in the sequential evaluation process. However, the ALJ failed to discuss in any way the non-severe impairments of asthma and hypertension when explaining the RFC determination, and thus, the Court is left to speculate whether these impairments were considered at all during the RFC determination. *See* Filing No. 14 at 34–40. This requires remand to the ALJ for further consideration.

The Court additionally notes that the ALJ's Step 3 analysis was deficient, thereby depriving the Court of any meaningful review of that portion of the decision and further necessitating remand. While the ALJ discussed the record evidence regarding mental impairments at Step 3 to determine a lack of medical equivalence, such is not the case regarding the physical impairments.

During the Step 3 analysis regarding medical equivalence for physical impairments, the ALJ identified various Listings of Impairment by number and title and then simply mentioned the various elements of those Listings. Then the ALJ stated the Listing was not met without providing any analysis regarding York's impairments or discussing any consideration of the record evidence. *See* Filing No. 14 at 32–34. For example, the ALJ stated:

> I have specifically considered whether the claimant's physical impairments meet or medically equal the criteria of Listing 1.04 for disorders of the spine. Listing 1.04 is not met because there is no supporting evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication with the specific criteria in accordance with the listing.

(Filing No. 14 at 32). Similar conclusory statements are made regarding other Listings.

While the ALJ "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to his conclusion. *Clifford*, 227 F.3d at 874. The ALJ's decision provides no "path of reasoning" for the Court to "trace" regarding the Step 3 determination of no medical equivalence for the physical impairments. This also requires remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** York's Objection to the Report and Recommendation (Filing No. 26) and **REMANDS** the final decision of the Commissioner for further proceedings consistent with this Entry, as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 3/20/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov